**PALMETTO FIRE INSURANCE CO., Appellant, v. CLARKE GARAGE CO.**

---

(June 6, 1927.   Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Warehousemen and Warehouse Receipts—Par. 6.**

A garage keeper is not an insurer of the automobiles left in his charge, but he is bound to use the same diligence in their care that he uses in preserving his own property.

2. **Louisiana Digest—Warehousemen and Warehouse Receipts—Par. 6; Negligence—Par. 15.**

When the employee of a garage keeper, in filling the oil tank of plaintiff, spills upon the floor a small quantity of oil which is ignited by a lighted match thrown upon it by a customer, and the fire burns plaintiff's automobile, the garage keeper will not be liable, as the oil spilled upon the floor was only the remote cause of the danger, while the lighted match was the proximate cause.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

Action by Palmetto Fire Insurance Company against Clarke Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

M. M. Irwin, of New Orleans, attorney for plaintiff, appellee.

Thos. J. Dobbins, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.   This is a damage suit for the burning of an automobile.

The plaintiff alleged that it insured a certain automobile, the property of one Watson; that Watson delivered said car to defendant's garage on storage with instructions to fill the gas tank; that in filling said tank defendant's employees caused the gasoline to overflow and run upon the floor of the garage near and around the automobile; that some customer of the garage threw a lighted match upon the floor and thus ignited the gasoline causing the burning and damage of Watson's car to the extent of $141.70; that the burning of the automobile was caused solely by the negligence of the defendant in failing to take proper precautions in the filling of the gasoline tank and in allowing smoking upon the premises; that plaintiff had insured said automobile against fire and upon paying the loss had been subrogated to all the rights of the assured Watson against the defendant company.  The plaintiff therefore claimed of the defendant $141.70.

The defendant averred that a party wholly disconnected with defendant's business, whose name, on information and belief, was Frank J. Mangham, of No. 4900 St. Charles Avenue, did light a match and threw it upon the floor of the building on a spot adjacent to the gasoline filling tank to the Watson car; that no gasoline spilled adjacent to the automobile could have caught fire without the act of the third person in lighting the match, which was the proximate cause of the fire.

There was judgment in favor of defendant dismissing plaintiff's suit.

The plaintiff has appealed.

The defendant has established the allegation of its answer.

George S. Clarke, president of the defendant company, testified that the Watson car was standing in the driveway; the tank had overflowed and perhaps a pint or more was spilled upon the floor and a customer who was standing over near the car, waiting for his car to be brought down, lit a cigarette and threw the match down in a puddle of gas, while it was not out, and that caught the backend of the car and set it on fire; he got a fire extinguisher and put it out; there are two signs in the building prohibiting smoking.

Leslie M. Watson testified that he gave general instructions at the garage to keep the tank of his automobile filled; he was paid the amount of the damage and he subrogated the plaintiff to all his rights.

Charley White was working for the defendant company; he was pumping gas into Watson's car when about a pint flowed over; a customer threw a match on the floor and the oil caught fire.

James Robertson testified that Mr. Mangham admitted to him that he had thrown the match; Mangham was a customer.

The contract between the defendant and Watson contains the following clause:

"3. Lessor will endeavor at all times to protect the property of lessee but will not be responsible for loss or damage to automobiles or their contents from any cause whatsoever except damage resulting from fault or negligence of lessor's employees

while handling automobiles within the building under lessor's orders."

This is substantially the liability of the garage keeper under the law.

C. C. 2929 (2900): "The deposit is essentially gratuitous. If the person with whom the deposit is made receives a compensation, it is no longer a deposit, but a hiring."

C. C. 2937 (2908): "The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property."

C. C. 2938 (2909): "The provision in the preceding article is to be rigorously enforced. 1st. * * *

"2nd. If it has been agreed that he shall have a reward for preserving the deposit." See Levy vs. Kirwin, No. 9679 Ct. App.; No. 10,883, idem.

We have been very materially assisted in the decision of this case by the very able opinion of the Honorable Val J. Stentz, judge of the City Court, from whom this appeal comes. He said in part:

"The only acts of negligence imputed to the defendant were the spilling of the gasoline on the floor of the garage and in not posting signs of "no smoking". A garage keeper is not an insurer of the automobiles left in his charge to be cared for, but he is bound to use reasonable or ordinary diligence in their care and keeping and they are bound to take the same care as a prudent man ordinarily takes of his own property. Berry on Autos, See 1408-a, C. J. S. 42, p. 85; 3 R. C. L., Sec. 21, p. 94.

"In the absence of a special statute on the subject, or a special contract, a garage keeper is bound to exercise reasonable care, but does not insure a vehicle in his custody from damages from fire in the garage. He is liable for the injury only when his negligence has contributed thereto.

"Huddy, Sec. 243: * * * 'Ordinary care requires only that precaution be taken against occurrences that can be and should be foreseen; but does not require that one should anticipate unusual and improbable, though entirely possible, occurrences.' 8 Orl. App. 216. Nor to anticipate when persons will be negligent. Damonte vs. Patton, 118 La. 530, 43 South. 153; Ford vs. Tremont Lbr. Co., 123 La. 742, 49 South. 492. Nor do I believe that the spilling of a little gasoline in a garage, while filling an automobile tank, is negligence per se; it is merely incidental to the business. But if it were a negligent act, it was only a remote cause of the fire, the direct and proximate cause being the throwing of the lighted match. Globe & Rutgers Fire Ins. Co. of N. Y. vs. Standard Oil Co. of La., 158 La. 763, 104 South. 707.

"It is said to be a universal rule resting upon obvious reasons and justice that a wrongdoer shall be held responsible only for the proximate and not the remote consequences of his actions. 13 Gray 481; Maxwell & Putnam vs. Southern Pacific R. R. Co., 48 La. Ann. 402, 19 South. 287."

The damages for the violation of a contract are such as had "entered into the contemplation of the parties at the time of the contract". C. C. 1931 (1928).

The rule is the same in offenses and quasi offenses. S. 3.

"The defendant is held liable for the probable and natural consequences of his acts. i.e., those which would ensue in the usual course of things." 1 Sedgwick, p. 108, S. 68, p. 128, S. 79.

"If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage

to the last or proximate cause and refuse to trace it to that which was more remote."

Cooley on Torts, p. 68.

"The damage must follow the negligence as the efficient cause in unbroken sequence without any intervening independent cause to break the continuity." 17 C. J. 714, S. 39, note 87.

"Remote damages are such as are the result of accident or an unusual combination of circumstances which could not reasonably be anticipated and over which the party sought to be charged had no control." 17 C. J. 715, S. 11.

The damage in this case was not caused immediately by the spilling of the gas upon the floor which was a remote cause, but was occasioned directly and proximately by the negligent act of the person who threw the lighted match.

For the above reasons we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed.