YELVERTON, Judge.
This appeal arises from the trial court’s judgment denying Thomas R. Broussard property damages for the destruction of his aircraft. The 1973 Cessna 172 broke free from its tie-down lines and flipped over because of winds during a severe and unannounced thunderstorm. It was parked and tied down by the owner after its last flight on grounds leased by Paul Fournet Air Services, Inc. (Paul Fournet), a fixed base operator, from the Lafayette Municipal Airport. Broussard sued Paul Fournet based on breach of contract of deposit, and alternatively on negligence. We affirm the judgment dismissing the suit.
The trial judge found that there was no contract of deposit, and no negligence proved on the part of Paul Fournet. The trial judge attributed the cause of the loss to a superior force.
We affirm the trial court’s judgment by finding no clear error in its determination that the cause of the damage was a superi- or force. In deciding the case on this basis we will assume that there was a contract of deposit between the parties.
The contractual obligation of a depositary is to use the same diligence in preserving the deposit that he uses in preserving his own property. La.C.C. art. 2937. “The depositary is not answerable, in any case, for accidents produced by overpowering force, unless he has delayed improperly to restore the deposit.” La.C.C. art. 2939. A depositary is not an insurer of the deposit, but he owes a duty to exercise reasonable care to take precautions against reasonably foreseeable damage to deposited property. Grabert v. James C. Noel Flying Service, Inc., 360 So.2d 1363 (La.App. 3d Cir.), writ denied 363 So.2d 536 (La.1978).
The definitions of “force”, and “superior force”, are found in La.C.C. art. 3556(14):
Force. — Force means the effect of power which can not be resisted.
Superior force. Those accidents are said to be caused by superior force, which human prudence can neither foresee nor prevent.
The damage occurred on March 2, 1988. Rain was predicted but not a windstorm. The storm hit unexpectedly. One of Paul Fournet’s employees was towing a plane out on the ramp when the severe weather hit. Most of the planes that were located outside hangars were badly damaged. Even planes whose tie-down lines did not break were damaged when other planes or objects were blown into them or their wings were bent downward by the pres *543 sure of the tie-down ropes as the wind lifted the plane. Cherry Air, a fixed base operator located nearby, suffered extensive damage to its hangar when an entire wall was blown down by the wind. In fact, the wind was so strong that it picked up and flipped a 69,000 pound Gulf Stream G-3 twin-engine aircraft. The trial testimony included various estimates of the exact wind velocity, the lowest of which was 65 m.p.h.
In anticipation of the predicted rain, Paul Fournet’s crew put some of their aircraft, which had been parked outside, inside the hangar. Broussard’s plane was not put in the hangar. Broussard contends that this demonstrates that Paul Fournet did not use the same diligence in preserving the deposit that it used in preserving its own property. The evidence, however, shows that the reason why Paul Fournet’s planes were moved into the hangar was to protect the electronic equipment in the aircraft from moisture. Fournet’s employees testified that the charter and flight school planes had expensive avionics equipment that was sensitive to moisture and condensation and that it was normal procedure to put them in the hangar when rain approached. There was no evidence that the planes left outside, including plaintiff’s aircraft, was outfitted with equipment needing such special protection.
We conclude, therefore, that even assuming a contract of deposit, the depositary did not violate any duty it owed to the owner. This accident was produced wholly by an overpowering, or superior force, and the depositary is not answerable for it.
Broussard also contends that the trial court erred in failing to find Paul Fournet liable for the use of substandard ropes under La.C.C. 2317. We find no error in this factual conclusion. Paul Four-net had at one time provided all of the ropes for the tie-downs, but long before this accident it had discontinued that practice. The trial court found that Broussard failed to prove that the ropes in question belonged to Paul Fournet. The facts at trial show that aircraft owners who parked there were free to change ropes and they parked at different spots, no tie-down area being assigned to a particular owner. The owners had been notified by Paul Fournet that the fixed base operator would not maintain the ropes, and Paul Fournet did not police the ropes. On these facts, even if the cause of the damage had been traced to defective ropes, the trial court was not clearly wrong in finding that the plaintiff had failed to prove that Paul Fournet owned the ropes and was responsible for them.
The judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.