NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-249

JIMMY MURPHY

VERSUS

TRIPLE T'S AUTOMOTIVE REPAIR, ET AL.

**********

APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF CALCASIEU, DOCKET NO. 12-119
HONORABLE JOHN S. HOOD, CITY COURT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Michael R. Garber
Attorney at Law
1801 Ryan St.
Lake Charles, LA 70601
(337) 494-5500
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Triple T's Automotive Repair
    Tony Freeman

**Paul P. Marks**
**Stockwell, Sievert, Viccellio, Clements & Shaddock**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Jimmy Murphy**

**PICKETT, Judge.**

Automotive repair shop appeals judgment awarding plaintiff the value of his truck that was damaged by fire while on its premises. For the following reasons, the trial court's judgment is affirmed.

## FACTS

In August 2008, Jimmy Murphy brought his 2004 Ford F-250 diesel truck to Triple T's Automotive Repair (Triple T's) shop, which is owned and operated by Tony Freeman, to have it repaired. Triple T's ordered and installed a part, but the truck did not run properly. Additional diagnostic testing indicated that another part needed to be replaced. Before the second part could be obtained and replaced, the truck was vandalized and burned.

Mr. Murphy sued Triple T's and Mr. Freeman (hereinafter referred to collectively as Triple T's) to recover damages resulting from the loss of his truck. Triple T's admitted that Mr. Murphy's truck was parked outside its business and that it was trying to repair the truck when the truck was set on fire but denied liability for Mr. Murphy's damages. Triple T's also reconvened against Mr. Murphy to recover for the repairs it had performed on his truck prior to the fire. After a trial on the merits, the trial judge rendered judgment in favor of Mr. Murphy, awarding him $14,550.00, together with interest and costs, and denied Triple T's reconventional demand at its cost.

## DISCUSSION

An appellate court may reverse the findings of the trial court only when a reasonable factual basis does not exist for the finding and the finding is clearly wrong or manifestly in error. *Stobart v. State*, 617 So.2d 880 (La.1993). The task of the reviewing court is solely to ask whether this fact finder's resolution of the

conflicting evidence was reasonable in light of the record as a whole. *Henderson v. Nissan Motor Corp. U.S.A.*, 03-606 (La. 2/6/04), 869 So.2d 62.

***Deposit***

"A deposit is a contract by which a person, the depositor, delivers a movable thing to another person, the depositary, for safekeeping under the obligation of returning it to the depositor upon demand." La.Civ.Code art. 2926. A contract of deposit is either gratuitous or onerous. La.Civ.Code art. 2928.

Louisiana Civil Code Article 2930 provides:

> When the deposit is onerous, the depositary is bound to fulfill his obligations with diligence and prudence.
>
> When the deposit is gratuitous, the depositary is bound to fulfill his obligations with the same diligence and prudence in caring for the thing deposited that he uses for his own property.
>
> Whether the deposit is gratuitous or onerous, the depositary is liable for the loss that the depositor sustains as a result of the depositary's failure to perform such obligations.

Accordingly, an onerous depositary "owes a duty to exercise reasonable care and to take precautions against reasonably foreseeable danger to deposited property," but he is not an insurer of the deposit. *Broussard v. Paul Fournet Air Serv., Inc.*, 574 So.2d 541, 542 (La.App. 3 Cir.), *writ denied*, 578 So.2d 934 (La.1991). *See also, Coe Oil Serv., Inc. v. Hair*, 283 So.2d 734 (La.1973). The delivery of a car to a repairman constitutes a compensated deposit. *Alexander v. Qwik Change Car Ctr., Inc.*, 352 So.2d 188 (La.1977); *Kirshner v. Johnson*, 521 So.2d 697 (La.App. 1 Cir. 1988). Thus, Triple T's was a compensated depositary.

The depositor has the burden of proving the contract of deposit and that the thing was damaged or was not returned. Upon proof of those facts, a presumption is raised that the loss resulted from lack of due care on the depositary's part. *Alpha*

*Alpha, Inc. v. Southland Aviation*, 96-928 (La.App. 3 Cir. 7/9/97), 697 So.2d 1364. The burden then shifts to the depositary to exonerate himself. *National Auto. Ins. Co. v. Champ's New Orleans Collision Ctr., LLC*, 06-1144 (La.App. 4 Cir. 2/28/07), 954 So.2d 197. A depositary, however, is not an insurer of the property. *Id.*; La. Civ.Code art. 2930.

Triple T's argues that its duty was to use reasonable care as it would with regard to its own property. It asserts that because Mr. Freeman stored his own truck and racing trailer on the premises outside the building, it proved that it used reasonable care with regard to Mr. Murphy's truck.

A similar situation existed in *Coe*, 283 So.2d 734, where an airplane that had been parked on the premises of a private flying service was vandalized and damaged. In *Coe,* the supreme court determined the deposit to be onerous. The defendant cited a fence, lights, and security guard on its premises as being adequate precautions for the safekeeping of the airplane and as showing it afforded due care for the airplane. The supreme court concluded, however, that the defendant's failure to produce "direct evidence to prove that the cause of the loss was other than its failure as depositary to safeguard the property" was insufficient to satisfy its burden as a compensated or onerous depositary to prove that the plaintiff's "loss did not result from its fault." *Coe*, 283 So.2d 738. *See also, Alpha Alpha, Inc.*, 697 So.2d 1364.

Pursuant to La.Civ.Code art. 2930 and *Coe*, 283 So.2d 738, we conclude that the trial judge did not err in finding Triple T's failed to prove it was diligent and prudent when it left Mr. Murphy's truck parked in front of its business, rather than secured inside its building or enclosed in the fence behind its building.

*Notice of Risk*

Triple T's also contends that signs posted on its premises relieved it of liability.  The signs read:

NOT
RESPONSIBLE FOR THEFT
OR DAMAGE
TO VEHICLES

Mr. Murphy testified that he parked his vehicle at front of Triple T's building and never saw the signs.  Pictures of the signs show they were posted on a fence gate that was located on the side of the building toward or at the back of the building.  The trial judge determined:

> The signs[,] and there are two signs that I see along the gate which would lead a reasonable person to believe that if your vehicle is behind that gate, . . . you're put on notice by the owner that they accept no responsibility for damage or theft or anything to the extent of the signs.  Because they're on the gate going behind a locked gate, I don't think that extends to the front of the building.

Nothing in the record shows this finding is unreasonable.  Accordingly, we find no error with it.

Triple T's cites *Palmetto Fire Insurance Co. v. Clark Garage Co.*, 6 La.App. 420 (Orleans 1927) and *Zesiger v. Dean*, 247 So.2d 222 (La.App. 4 Cir. 1971), as support for its position.  These cases predate a shift in the jurisprudence that apparently began with *Coe* and was followed with the 2003 enactment of La.Civ.Code art. 2930.  The defendant in *Coe* provided more security for the plaintiff's plane than Triple T's did here, yet the supreme court concluded that the defendant did not satisfy his obligation as a depositary.  Finding *Coe* dispositive of Mr. Murphy's claim against Triple T's, we find no error with the trial judge's determination that Triple T's is liable for the damage to Mr. Murphy's truck.

*Reconventional Demand*

Triple T's contends that the trial judge erred in denying its claim for reconventional demand because it performed the initial repair on the truck. Mr. Freeman acknowledged, however, that Mr. Murphy never received the benefit of the repairs when he testified: "I thought I told him the first part was done" and Mr. Murphy's truck "would only run for a few minutes."

Mr. Freeman's testimony corroborated Mr. Murphy's testimony that he was never told that he could pick up his truck and also established that the truck was not completely repaired before it was damaged. For these reasons, we find no error with the trial judge's denial of the reconventional claim.

## DISPOSITION

The judgment of the trial judge is affirmed. All costs are assessed to Triple T's Automotive Repair and Tony Freeman.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2—16.3, UNIFORM RULES—COURTS OF APPEAL.