997 So.2d 619 (2008)
Ronald J. SCHAEFER, Jr.
v.
PARETTI IMPORTS, INC. and XYZ Insurance Company.
No. 08-CA-486.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*620 David C. Hesser, Melissa Legrand Benoit, Attorneys at Law, Alexandria, LA, for Plaintiff/Appellant.
Albert D. Giraud, Karen G. Arena, Attorneys at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and MADELINE JASMINE, Pro Tempore.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Ronald J. Schaefer, Jr., plaintiff-appellant, from a judgment in favor of Paretti Imports, Inc. et al., defendants-appellees, in this suit for water damage to plaintiffs automobile while at Paretti's shop during a flood occasioned by Hurricane Katrina. The trial judge ruled that while Paretti was a compensated depositary, it was nonetheless not negligent in caring for plaintiffs car, and thus not liable for its damage. For the following reasons, we affirm that judgment.
There is no serious dispute as to the facts. On Friday, August 26, 2005, plaintiffs automobile would not start and he had it towed to the Paretti yard at about 6 PM. It was placed in an outdoor lot at the site. By Saturday morning it was evident that the hurricane might strike the New Orleans metropolitan area. During that morning the Paretti staff moved a number of its new cars to the lot where plaintiffs vehicle had been placed the evening before. One of these employees, Karl Schroeder, testified that he had been with Paretti for 30 years, and that the lot in question had never flooded during that entire period. It was also shown at trial that the lot was fenced, thus providing additional protection from wind damage.
Nonetheless, the lot did flood causing water damage of 1.7 million dollars to Paretti's new vehicles. Plaintiff's vehicle was a total loss as well, and unfortunately he had no comprehensive insurance on the car. This suit followed.
It is agreed by the parties that Paretti is a compensated depositary. The law applicable to this situation was most recently set forth in National Automobile Insurance Co. v. Champ's New Orleans Collision Center, LLC., XXXX-XXXX (La.App. 4th Cir.2/28/07), 954 So.2d 197. There, Champ's, an auto repair shop, moved all of the vehicles left for repairs into its garage as Katrina approached. The garage flooded damaging all of the cars. National Automobile Insurance Co. was the insurer of one of the cars and after paying for the damage it sued Champ's for reimbursement.
*621 The court first noted that under La. Civil Code Art. 2930, a gratuitous depositary need only exercise that degree of care that it takes for his own property, while an onerous depositary must proceed with diligence and prudence. It further stated that when a deposit is not returned or is returned damaged a presumption arises that the depositary was negligent. However, the depositary may then show that it was not in fact negligent. Moreover, the depositary is not an insurer of the thing deposited, and may exonerate itself by showing that it took reasonable care to protect against foreseeable damage. It concluded that the damage caused by Hurricane Katrina was not only unforeseeable but unprecedented and therefore that Champ's was not negligent in its handling of the deposited car.
In the present case a similar analysis in the district court produced the same result. The trial judge ruled that while plaintiff had met his initial burden of showing that the car was returned damaged, he further found that Paretti had exonerated itself by showing that it had acted prudently and diligently in leaving the car in a lot which in the last thirty years had never flooded, even during the most severe weather events.
Plaintiff argues in effect that because Paretti treated his car with only the same care that it treated its own, i.e. placing them in the same lot, that it should have been exonerated only were it a gratuitous depositary. Since it was an onerous depositary it should have been found liable for not taking greater care of his car than it did of its own. While the argument has some force we disagree with its basic premise, which is actually that an owner can not exercise diligence and prudence in caring for his own things. As the present case demonstrates, Paretti acted reasonably in placing plaintiff's car in a fenced lot which had never been known to flood. That it placed its own vehicles in the same lot does not change the reasonableness of its actions in regard to plaintiff's property.
He next argues that as it was shown that other cars left at the yard for repairs were kept in the enclosed shop where they escaped flooding, Paretti was negligent in not bringing his car into that space as well. We also reject this argument. The inquiry is whether Paretti acted prudently as the storm was approaching, not whether in retrospect its actions turned out not to be the best course of action.
Finally, he urges that Paretti should have notified him to pick up his car and bring it to a safer place. Again, we reject this reasoning. As the trial judge noted, plaintiff was in as good a position as Paretti to assess the potential dangers of the approaching storm. He could have sent a tow truck to pick up the vehicle and take it to higher ground if he thought the entire area might flood. That Paretti did not do so does not render its actions any more or less reasonable than his own.
For the foregoing reasons, we affirm the judgment in favor of the defendants.
AFFIRMED.