954 So.2d 197 (2007)
NATIONAL AUTOMOTIVE INSURANCE COMPANY, as Partial Subrogee of Arthur Warning, Jr. and Arthur Warning, Jr.
v.
CHAMP'S NEW ORLEANS COLLISION CENTER, LLC and Columbia Casualty Company.
No. 2006-CA-1144.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 2007.
*198 Wade A. Johnson, Johnson Law Office, L.L.C., Metairie, LA, for Plaintiff/Appellant.
Richard E. King, Peter A. Bourgeois, Stephen J. Moore, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge DAVID S. GORBATY).
JAMES F. McKAY III, Judge.
On August 29, 2005, Hurricane Katrina ravaged New Orleans and much of the surrounding area. In the aftermath of the hurricane, much of the city was inundated with floodwater.
Prior to August 29, 2005, Arthur Warning, Jr. brought his 2004 Nissan Titan to Champ's New Orleans Collision Center, L.L.C. (Champ's) for body repairs. Due to the necessary repairs, the vehicle was disassembled and not drivable when the hurricane struck. However, Mr. Warning's vehicle and approximately sixty other vehicles were moved into Champ's garages before its employees evacuated. Nevertheless, Champ's garages flooded and the vehicles inside were damaged. Mr. Warning's vehicle sustained damage in an amount that was beyond repair.
Following the hurricane, Mr. Warning's liability and collision insurer, National Automotive Insurance Company (National), paid Mr. Warning $22,125.00 minus the $500.00 deductible for the damage to his vehicle. Thereafter, National sued Champ's and its liability insurer, Columbia Casualty Company (Columbia), for reimbursement of the insurance benefits it paid to Mr. Warning. National alleged that Champ's failed "to properly safeguard Petitioner's vehicle from flooding with a Category Five hurricane bearing down on the City of New Orleans." Champ's and Columbia moved for summary judgment, arguing that Champ's discharged its duty as an onerous depositary of Mr. Warning's vehicle under the Louisiana Civil Code and that it could not be held liable for the destruction of Mr. Warning's vehicle by an unprecedented disaster. National and Mr. Warning filed a cross motion for summary judgment. The trial court heard both motions on June 30, 2006 and on July 11, 2006, it granted Champ's and Columbia's motion while it denied National's and Mr. *199 Warning's cross motion. It is from this judgment that National and Mr. Warning now appeal.
On appeal, the plaintiffs contend that the trial court erred in granting the defendants' motion for summary judgment.
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that governed the trial court's consideration of whether summary judgment was appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). If the opposing party cannot produce evidence to show that he will be able to meet his burden of proof at trial, then there is no genuine issue of material fact. Davenport v. Albertson's, XXXX-XXXXX (La.App. 3 Cir. 12/6/00), 774 So.2d 340, 342. Plaintiff may not "rest on the mere allegations or denials in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Danna v. Barq's, Inc., 612 So.2d 253, 255 (La.App. 4 Cir.1992). Arguments of counsel, "no matter how artful, are not sufficient to raise a genuine issue of material fact" precluding summary judgment. Attardo v. Brocato, 96-1170 (La.App. 4 Cir. 2/5/97), 688 So.2d 1296, 1297.
In the instant case, Champ's was a compensated depositary while it was working on Mr. Warning's vehicle. Louisiana Civil Code Article 2930 provides:
A deposit is a contract by which a person, the depositor, delivers a movable thing to another person, the depositary, for safekeeping under the obligation of returning it to the depositor upon demand.
Louisiana Civil Code Article 2930 further provides:
When the deposit is onerous, the depositary is bound to fulfill his obligations with diligence and prudence.
When the deposit is gratuitous, the depositary is bound to fulfill his obligations with the same diligence and prudence in caring for the thing deposited that he uses for his own property.
Whether the deposit is gratuitous or onerous, the depositary is liable for the loss that the depositor sustains as a result of the depositary's failure to perform such obligations.
Where a deposit is not returned as made, a presumption arises of the depositary's negligence or fault and the depositary has the burden to show that the loss or damage to the deposit was occasioned other than by his own negligence. Willis v. Louisiana Downs, Inc., 499 So.2d 155, 159 (La.App. 2 Cir.1986). However, the depositary is not answerable, in any case, for accidents produced by overpowering force, unless he has delayed improperly to restore the deposit. A depositary is not an insurer of the deposit, but he owes a duty to exercise reasonable care to take precautions against reasonable foreseeable damage to the deposited property. Broussard v. Fournet, 574 So.2d 541 (La.App. 3 Cir.1991).
A hurricane that causes unexpected and unforeseeable devastation with unprecedented wind velocity, tidal rise, and upriver tidal surge, is a classic case of an "Act of God." Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co., 2000-2754 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, 92. Champ's set forth the affidavit of Chris Antanatos, the manager of Champ's prior *200 to the hurricane. Mr. Antanatos attested that on Saturday, August 27, 2005, a mandatory evacuation went out. He also attested that Champ's employees moved about sixty vehicles, including Mr. Warning's, inside its facility. Because Mr. Warning's vehicle had been disassembled, it could not be moved to a different city or location.
Champ's exercised reasonable care to take precautions against reasonable foreseeable damage to the deposited property. The damage caused by Hurricane Katrina was not only unforeseeable but also unprecedented. Accordingly, we agree with the trial court's granting of Champ's and Columbia's motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.