WALTER J. ROTHSCHILD, Judge.
|2Plaintiffs, Dollar Thrifty Automotive Group, Inc. and Dollar Systems, Inc. (“Dollar”), appeal a summary judgment rendered in favor of defendant, Bohn-DC, L.L.C. d/b/a Don Bohn Dodge (“Bohn”), dismissing Bohn from this lawsuit. For the reasons which follow, we affirm.

FACTS AND PROCEDURAL HISTORY

In August 2005, Dollar, which is in the business of leasing vehicles to the public, delivered eight of its vehicles to Don Bohn Dodge for repair and/or maintenance services. On August 29, 2005, Hurricane Katrina made landfall. In the aftermath of the hurricane, floodwaters engulfed much of New Orleans and the surrounding areas, including the premises of Don Bohn Dodge. The eight vehicles owned by Dollar were damaged or destroyed by these floodwaters. Bohn asserts that over 300 of its vehicles were damaged or destroyed as well.
|3On August 28, 2006, Dollar filed a Petition for Damages against Bohn, asserting that Bohn was negligent and/or in breach of contract by failing to safeguard Dollar’s vehicles to insure they were not lost or damaged by Hurricane Katrina, failing to exercise ordinary prudence in preserving Dollar’s vehicles, failing to take the same precautions to protect Dollar’s vehicles as it took to preserve its own vehicles, and failing to notify Dollar that it could not or would not protect Dollar’s vehicles that were entrusted to Bohn.
On September 24, 2007, Bohn filed a Motion for Summary Judgment, seeking dismissal of Dollar’s suit against it on the grounds that any flood damage to Dollar’s vehicles was caused by a fortuitous event, Hurricane Katrina, and that Bohn could not be held liable for such damage. Bohn asserted that it acted as diligently and prudently as possible to protect the vehicles in its care, fulfilling any duty it had as an onerous depositary. It further stated that Bohn did not have any reasonable or practical place or “safe haven” to move over 300 vehicles prior to evacuating due to a major hurricane approaching. In support of its Motion for Summary Judgment, Bohn submitted an affidavit from Andy McGoon, a loss control manager working for Group 1 Automotive, Inc., in which he indicated that Bohn had an inventory of 357 new vehicles at Don Bohn Dodge on August 29, 2005, and that 327 of these vehicles were totaled due to floodwaters emanating from Hurricane Katrina. He further stated that the vehicles that were not flooded were assigned to management employees or offsite for accessories installation or other reasons. He further asserted that Bohn did not have the manpower to relocate its own vehicles or the vehicles of others at the time.
Dollar filed an Opposition to Bohn’s Motion for Summary Judgment, in which it claimed that Bohn failed in its legal duty as a depositary to diligently and prudently protect Dollar’s vehicles. It asserted that Bohn cannot rely on the “Act |4of God” defense, because Bohn’s fault preceded the Act of God, i.e. Hurricane Katrina, since Bohn failed to take preventative measures to protect Dollar’s property. Dollar claims that Bohn should have moved its vehicles to a less flood-prone area, particularly since Bohn’s premises had flooded in the past, or that Bohn should have notified Dollar that its premises had previously flooded so that Dollar could retrieve and *303 move its own vehicles. Dollar submitted an affidavit from Greg Gebo, the manager of the Dollar Thrifty location near the airport in Jefferson Parish, who stated that he investigated and discovered that Bohn’s premises had previously flooded on May 8, 1995. He further stated that if Dollar had known of the flood-prone nature of Bohn’s premises or its lack of manpower to relocate Dollar’s vehicles, Dollar would have retrieved its vehicles and relocated them to an area that would not flood.
A hearing on Bohn’s Motion for Summary Judgment was held on November 5, 2007, and the trial judge granted the motion. On December 18, 2007, the trial judge signed a written judgment, granting Bohn’s Motion for Summary Judgment and dismissing it from this lawsuit. It is from this judgment that Dollar appeals.

LAW AND DISCUSSION

On appeal, Dollar contends that the trial court erred in granting Bohn’s Motion for Summary Judgment and dismissing Bohn from this lawsuit. We disagree.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327, p. 6 (La.App. 5 Cir. 04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A motion for summary judgment is properly granted only if the pleadings, ^depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2); Hayne v. Woodridge Condominiums, Inc., 06-923 (La.App. 5 Cir. 4/11/07), 957 So.2d 804, 807; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 195.
Dollar contends that the trial court erred in failing to properly apply the law of deposit to the circumstances of this case, improperly applying the law governing the affirmative defense of Act of God, and failing to recognize that Bohn’s failure to move Dollar’s vehicles or to notify Dollar of its flood-prone location constituted breach of its duties as an onerous depositary.
LSA-C.C. art. 2926 provides:
A deposit is a contract by which a person, the depositor, delivers a movable thing to another person, the depositary, for safekeeping under the obligation of returning it to the depositor upon demand.
LSA-C.C. art. 2930 provides:
When the deposit is onerous, the depositary is bound to fulfill his obligations with diligence and prudence.
When the deposit is gratuitous, the depositary is bound to fulfill his obligations with the same diligence and prudence in caring for the thing deposited that he uses for his own property.
Whether the deposit is gratuitous or onerous, the depositary is liable for the loss that the depositor sustains as a result of the depositary’s failure to perform such obligations.
In the present case, the parties agree that when Dollar delivered its vehicles to Bohn for maintenance and/or repairs and Bohn accepted the vehicles, an onerous contract of deposit was established. An onerous depositary owes a *304 duty to exercise reasonable care and to take precautions against reasonably foreseeable danger to | f,deposited property. Broussard v. Paul Fournet Air Service, Inc., 574 So.2d 541, 542 (La.App. 3 Cir.1991), writ denied, 578 So.2d 934 (La. 1991). When a deposit is not returned as made, a presumption arises of the depositary’s negligence or fault, and the depositary has the burden to show that the loss or damage to the deposit was occasioned other than by his own negligence. National Auto Ins. Co. v. Champ’s New Orleans Collision Center, L.L.C., 06-1144, p. 4 (La.App. 4 Cir. 2/28/07), 954 So.2d 197, 199. However, a depositary is not an insurer of the deposit, and is not liable for loss or deterioration of the thing deposited that has resulted from an irresistible force or “force majeure,” in the absence of a special undertaking. Id.; LSA-C.C. art. 2930, comment (c).
The civilian concept of force majeure, meaning a superior or irresistible force, is similar to the common law concept of “Act of God,” which has been defined as:
a providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided by the exercise of reasonable prudence, diligence and care, or by the use of those means which the situation renders reasonable to employ.
Saden v. Kirby, 94-854 (La.9/5/95), 660 So.2d 423, 428; Caldwell v. Let the Good Times Roll Festival, 30,800, p. 17 (La.App. 2 Cir. 8/25/98), 717 So.2d 1263, 1272, writ denied, 98-2489 (La.l1/25/98), 729 So.2d 566.
A hurricane that causes unexpected and unforeseeable devastation with unprecedented wind velocity, tidal rise, and upriver tidal surge, is a classic case of an “Act of God” or force majeure. National Auto Ins. Co. v. Champ’s New Orleans Collision Center, L.L.C., 06-1144 at 4, 954 So.2d at 199; Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co., 00-2754, p. 6 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, 92, writ denied, 01-3292 (La.3/8/02), 811 So.2d 887. Clearly, Hurricane Katrina, with its unprecedented flooding and devastation, was a force majeure or Act of God that was unforeseen and unavoidable.
17Pollar claims that Bohn cannot rely on the Act of God defense in this ease because the prior fault of Bohn combined with Hurricane Katrina to cause the damage to Dollar’s vehicles. Dollar asserts that Bohn was negligent and failed in its duty to safeguard Dollar’s vehicles by failing to move the vehicles to a safe location prior to the hurricane and/or failing to notify Dollar that Bohn’s premises had flooded in the past and that Bohn lacked the manpower to move the vehicles. Dollar asserts that it would have moved its own vehicles to a safe location if Bohn had provided this information.
Dollar is correct in its assertion that when a force majeure or Act of God combines with the conduct of a defendant to produce an injury, the defendant may be held liable for any damages that would not have occurred but for its own conduct or omission. Saden, 94-854 at 8, 660 So.2d at 428. See also LSA-C.C. art. 1873. However, Dollar has failed to show that Bohn’s actions were not reasonable under the circumstances or that Bohn breached its duties as an onerous depositary, which combined with the hurricane to cause damage to Dollar’s vehicles.
The flooding and devastation in the aftermath of Hurricane Katrina was unforeseen and unprecedented. Although Dollar claims that Bohn had a duty to move Dollar’s vehicles to a safe location, we do not find that Bohn had such a duty under the circumstances. Bohn has indicated that it *305 did not have the manpower to move Dollar’s vehicles or its own vehicles, and that it did not have an alternate location or “safe haven” to move the vehicles. Considering the circumstances, including the mandatory evacuation order in New Orleans and the surrounding areas, the time constraints involved, and the number of vehicles on Bohn’s premises, we find that Bohn’s failure to move Dollar’s vehicles to a different location was not unreasonable.
| ^Dollar further asserts that Bohn should have informed Dollar that its premises could flood, because it had previously flooded on May 8, 1995. Flooding is a common occurrence during a major storm. Failure to give warning of the obvious may not be a cause in fact of an injury. Caldwell, 30,800 at 16, 717 So.2d at 1271. Further, we note that Dollar has not indicated that it contacted Bohn before the storm to ask about prior flooding in the area. Nevertheless, as stated by Bohn, prior flooding was not an accurate indicator of the flooding in the aftermath of Hurricane Katrina. Although the manager of Dollar indicated that Dollar would have moved its vehicles to a location that “would not flood,” under the circumstances, we find that it was difficult, if not impossible, to know prior to the storm what areas would and would not flood, due to the unforeseen and unprecedented extent of the flooding in the aftermath of Hurricane Katrina.
We have carefully reviewed the record in this matter, and we fail to find any genuine issues of material fact that would preclude summary judgment in favor of Bohn. The parties do not disagree as to the pertinent facts; rather, they disagree as to whether or not these facts show that Bohn exercised reasonable care. We find that the pertinent facts do not establish that Bohn failed to exercise reasonable care to take precautions against reasonably foreseeable damage to the deposited property, eight vehicles owned by Dollar. Based on our de novo review, we find that the trial court correctly found that Bohn is not liable for any damage to Dollar’s vehicles and granted Bohn’s Motion for Summary Judgment.

DECREE

For the foregoing reasons, we affirm the summary judgment granted in favor of Bohn, dismissing it from this lawsuit.

AFFIRMED.