STEPHEN J. WINDHORST, Judge.
| ¿Plaintiff, Javonna M. Rayfield, appeals from the trial court’s judgment denying *185 her motion for partial summary judgment and granting deféndants’ motion for summary judgment. We affirm the ruling of the trial court.
The defendants in this matter are the Millet Motel, located in LaPlace, Louisiana, and its insurer, United Fire & Insurance Company (hereinafter “Millet”). On August 29, 2012, Hurricane Isaac made landfall arid passed over LaPlace, causing extensive damage to the area. On that date, Ms. Rayfield, her boyfriend of 17 years, and two children were residents at the Millet Motel, residing in Room 113.
Prior to and in anticipation of Hurricane Isaac’s arrival, Ms. Rayfield sent the two children to another location. She and several other persons remained in the hotel, and socialized until two or three o’clock in the morning.[1] Ms. Rayfield and, her boyfriend then returned to Room 113, and went to sleep in separate beds.
Shortly after 5:00 A.M., Hurricane Isaac was moving over LaPlace with estimated wind gusts of up to 100 mph. During that time and while Ms. Rayfield was sleeping, she was awakened by a loud bang, which she described as a transformer exploding. The ceiling above her head and the wall to her side fell Rinwards and on top of her. She was escorted into the hallway outside of her room, and then taken to the emergency room of River Parishes Hospital.
Later, Lester Millet, the owner of Millet Motel, discovered that a locked fire door at the end of the hallway leading to the attic had been damaged. The door was buckled and the hasp lock was dangling. The wind caused a concrete block wall in the attic hallway to collapse. The concrete blocks fell on the ceiling joists above Room 113, causing the ceiling and an adjacent wall to collapse.
Ms. Rayfield filed suit against Millet for damages for injuries necessitating treatment and therapy. She'alléges that Millet provided defective premises and that they knew or should have known of the defects. Millet answered her petition and pled the affirmative défenses of force majeure or Act of God, failure to mitigate and preexisting injuries.
Ms. Rayfield filed a Motion for Summary Judgment on the Issue of Liability, seeking judgment finding that the premises contained a defective condition known to Millet, and that her injuries were, in fact, caused by the negligence of defendants. Millet also filed a Motion for Summary Judgment, arguing that plaintiffs injuries were not caused by any negligence, but by Hurricane Isaac.
After a hearing, the trial court rendered judgment in favor of Millet, granting their Motion’ for Summary Judgment. Ms. Ray-field’s Partial Motion for summary judgment was denied. This appeal followed.
DISCUSSION
 Appellate courts review a judgment granting a motion for summary judgment de novo using the same criteria governing the trial court’s consideration'of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547. A motion for summary judgment- should' Ube granted “if the pleadings, depositions, answers to interrogatories, and • admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter *186 of law.” La. C.C.P. art. 966 B(2). The party moving for summary judgment bears the burden of proof. La. C.C.P, art. 966 C(2). However, if the movant will not bear the burden of proof at trial, the mov-ant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s .claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to sátisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. Id.
In this appeal, Ms. Rayfield presents two arguments to support her claim of liability of defendants. First, she argues that the hotel premises were defective and that this defect caused her injuries. In conjunction with this ’ argument, plaintiff asserts the doctrine of res ipsa loquitur. Second, she argues that hotel personnel were negligent in failing to make sure that she evacuated the premises prior to the arrival of Hurricane Isaac. She contends that there are genuine issues of material fact as to the validity of her claims, and therefore the trial court should not have granted defendants’ motion for summary judgment. Millet responds that the undisputed facts prove that Ms. Rayfield’s damages were caused by Hurricane Isaac, and therefore- pursuant to the concept of force majeure, they are not- liable for her injuries.
LThe civilian concept of force majeure, meaning a superior or irresistible force, is similar to the common law concept of “Act of God,”'which has been defined as:
a providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided- by the exercise of reasonable prudence, diligence and care, or by the use of those means which the situation renders reasonable to employ.
Dollar Thrifty Auto Group, Inc. v. Bohn-DC, L.L.C., 08-338 (La.App. 5 Cir. 09/30/08), 23 So.3d 301, 304; Saden v. Kirby, 94-854 (La.09/05/95), 660 So.2d 423, 428; Caldwell v. Let the Good Times Roll Festival, 30,800 (La.App. 2 Cir. 08/25/98), 717 So.2d 1263, 1272, writ denied, 98-2489 (La.11/25/98), 729 So.2d 566.
A hurricane that causes unexpected and unforeseeable devastation can be a classic case of an “Act of God” or force majeure. Dollar Thrifty Auto Group, Inc., 23 So.3d at 304; National Auto. Ins. Co. v. Champ’s New Orleans Collision Center, L.L.C., 06-1144 (La.App. 4 Cir. 02/28/07), 954 So.2d 197, 199. Hurricane Isaac thus is classified a force majeure or “Act of God.”
However, this does not end the inquiry into potential defendant liability. When a force majeure or “Act of God” combines with the conduct of a defendant to produce an injury, the defendant may be held liable for any damages that would not have occurred but for its own conduct or omission. Dollar Thrifty Auto Group, Inc., 23 So.3d at 304; Saden, 660 So.2d at 428.
Ms. Rayfield contends that the exterior fire door was defective and that this defect caused or contributed to her injuries. Pursuant to La. C.C. art. 2322, the owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair, or when it is the result of a vice or defect in its |fioriginal construction.' The injured party must show that the owner had actual or constructive knowledge of the defect that caused the injury.
*187 Here, Millet established through the deposition testimonies of. Mr. Millet and Mr. Jason Kendricks, who performed maintenance on the hotel grounds, that there was no known defect in the fire door. Ms. Rayfield alleged that the door was defective and that defendants had knowledge of the defect, but she produced no documentary or testimonial evidence in support of her claim. Mere allegations that a material issue of fact exists is not sufficient under LSÁ-C.C.P. art. '966 to overcome a motion for summary judgment. Plaintiff must come forward with' some evidence to demonstrate that he can prevail on his claim at trial on the merits. Welch v. Illinois Nat’l Ins. Co., 98-402 (La.App. 5 Cir. 12/16/98), 725 So.2d 546, 549.
Ms. Rayfield also argues that her injuries were caused by the negligent failure of Millet’s staff to evacuate .the hotel, and that Millet is responsible for the acts of its employees under the doctrine of respondeat superior. A hotel owes a duty to its patrons to exercise reasonable and ordinary care including maintaining the premises in a reasonably safe and suitable condition. Johnson v. Super 8 Lodge-Shreveport, 47,081 (La.App. 2 Cir. 04/25/12), 92 So.3d 519, 522. The owner is not an insurer of the safety of a guest, but must only exercise reasonable care to see that the premises are safe for the occupants of rooms in the establishment. Davis v. Alamo Plaza of Shreveport, Inc., 253 So.2d 232, 233 (La.App. 2 Cir.1971).
The undisputed evidence proved that Ms. Rayfield resided at the hotel, and was not just an occasional nighttime guest. It is illogical to argue that she would require Millet employees to force her onto the streets during an approaching hurricane. Furthermore, Ms. Rayfield admitted that she knew of the approaching 17storm, and she sent her children to stay with relatives. A failure to give, warning of the obvious may not be a cause in fact of an injury. Caldwell, 717 So.2d at 1271. We also note-that there was no. mandatory evacuation order .when.- Hurricane Isaac passed through LaPlace.
Finally, Ms. Rayfield argues that the doctrine of res ipsa loquitor is applicable to this case, and that the trial court erred in denying her. partial motion for summary judgment on the issue of liability.
The doctrine of res ipsa loquitor is circumstantial evidence, not substantive law. Temes v. Manitowoc Corp., 14-93 (La.App. 5 Cir. 12/23/14), 181 So.3d 733. The doctrine of res ipsa loquitur applies when: (1) the accident would, not normally occur in the absence of negligence, (2) there is an absence of direct evidence to explain the activities leading to the injury, and (3) the accident injury was caused by an agency or instrumentality within the actual or constructive control of the defendant. Id. In this ease, Ms. Rayfield does not produce any evidence to show that, her injuries were caused by anything other than the weather conditions of Hurricane Isaac. .Accordingly, the doctrine of res ipsa loquitur is not applicable in this- case.
Upon de novo review, we conclude that although Ms. Rayfield presented several theories of liability, she presented no evidence of any kind to create genuine issues of material fact sufficient to satisfy her evidentiary, burden on her motion for partial summary judgment, or to defeat defendants’ motion for summary judgment. We therefore find no error in the trial court’s judgment denying Ms. Rayfield’s motion for partial summary judgment. We further find that the defendants are entitled to summary judgment as a matter of law.
^CONCLUSION
For the above discussed reasons, the trial court’s .judgment, .granting the motion *188 for summary judgment in favor of defendants, the Millet Motel and United Fire & Insurance Company, and denying plaintiffs motion for partial 'summary judgment is affirmed.' Costs are assessed against plaintiffyappellant, Javonna Rayfield.
AFFIRMED

. In her deposition, Ms. Rayfield acknowledged that this was a "hurricane party” and described the event.