WILLIAMS, J.
The plaintiff, Deborah Kennedy, appeals a summary judgment in favor of the defendant, Red River Entertainment of Shreveport, L.L.C. d/b/a Sam's Town Hotel & Casino. For the following reasons, we affirm.
FACTS
The defendant, Red River Entertainment of Shreveport, L.L.C. d/b/a Sam's Town Hotel & Casino ("Sam's Town"), owns and operates a casino and 514-room hotel in Shreveport, Louisiana. On January 17, 2015, the plaintiff, Deborah Kennedy, was a guest in Room 1723 at the hotel. The plaintiff slipped and fell in the bathroom of her hotel room when she was startled by the presence of ants in and around the shower.
On December 16, 2015, the plaintiff filed a lawsuit against Sam's Town, alleging that she was seriously injured as a result of her fall. More specifically, in her petition for damages, the plaintiff alleged as follows: the "hotel room and its bathroom were infested with ants, and ants were crawling in and around the shower area while [she] was in the shower"; the condition of the bath area presented an unreasonable risk of harm to her; the risk of harm was known, caused by and reasonably foreseeable to Sam's Town; Sam's Town "had actual notice and/or constructive notice of the dangerous condition of guestroom 1723"; and Sam's Town failed to exercise reasonable care in the maintenance of its premises, which constituted a violation of La. C.C. arts. 2317, 2317.1 and/or 2322.
On November 29, 2016, Sam's Town filed a motion for summary judgment, contending the plaintiff was unable to meet her burden of proving that it knew, or should have known, about the presence of ants in the hotel room and that it failed to exercise reasonable care. In support of its motion, Sam's Town attached excerpts from the plaintiff's deposition, in which she testified as follows: she did not see any ants in her hotel room or bathroom prior to getting into the shower; she entered the shower, turned the water on and turned around with her back facing the faucet and showerhead; when she turned *1100 back around, she noticed ants "everywhere"; she estimated that she had been in the shower for less than five minutes when she noticed the ants; she did not know how the ants entered the shower/bathtub; the shower wall and bathtub were "covered" with ants; she panicked and tried to exit the shower/bathtub; she slipped because she was wet and was "scrambling" to get out of the shower; after she fell, she got dressed and alerted housekeeping that she "had slipped and fell [sic] and to look at the ants in the bathroom and on the bed and everywhere"; the hotel assigned her to another room; she told the hotel staff that she was "in pain, kind of stiff"; the staff called emergency medical services ("EMS"); she allowed EMS to examine her, but she declined their offer to transport her to the hospital; the hotel staff assisted her in moving her belongings to another room; the hotel staff did not indicate that they were aware of any prior issues with ants; after she moved to her new room, she heard "several people" talking about "a bed bug infestation or something"; later that day, she left the hotel and continued with her "normal activities"; and she returned to the hotel later that night and "stayed the night there."
Sam's Town also attached excerpts from the affidavit of Gary Thomas, its Security and Risk Manager, who attested as follows: the hotel's housekeeping staff was trained to inspect the hotel rooms for various conditions, including the presence of pests and/or insects; according to hotel policy, if any pests/insects were observed, the housekeeping staff was required to submit a "request for treatment"; at the time of the incident, Sam's Town had a pest control contract with Terminix; Sam's Town employees notified Terminix whenever a pest control issue was detected; when the plaintiff reported the presence of ants in her room, Sam's Town reported the issue to Terminix and reassigned the plaintiff to a different room; Terminix treated the room for insects/pests after the plaintiff moved to another room; there were no prior reports of ants in Room 1723; three days before the plaintiff's incident, Terminix had inspected Room 1723, in connection with an issue with Room 1823;[1] and Terminix did not report any findings of insects or ants in Room 1723.
Additionally, Sam's Town attached a report that Terminix had completed on January 14, 2015. The report did not contain any indication that pests or insects were detected during the inspection of Room 1723. Sam's Town also attached an email from Paris Rainey, an employee of Terminix. In the email, Rainey stated that if Terminix had detected ants in Room 1723, the matter would have been reported to the management at Sam's Town.
Further, Sam's Town attached a report submitted by Mitch Schenck,[2] its Director of Facilities. In the report, Schenck stated, "I was never informed of any issue in regards to Room 1723 by Terminix. This room was inspected as a surrounding room for [Room] 1823 treatment."
In her opposition to the motion for summary judgment, the plaintiff attached excerpts from her deposition. In addition to the testimony noted above, the plaintiff testified that after she fell, she saw ants crawling on the beds in her hotel room.
The plaintiff also attached excerpts from the two depositions of Gary Thomas. In the first deposition, Thomas testified as follows: during his investigation of the *1101 incident, he interviewed Schenck, Derrick Parker, the housekeeping manager, and Latonya Patterson, the manager of the food and beverage department; Patterson reported that there was no record that Sam's Town delivered food to the plaintiff's room; Schenck reported that he had not received any notice of any issue regarding ants prior to the plaintiff's incident; Parker reported that he did not have any records regarding any issues with Room 1723; the hotel security team that responded to the plaintiff's complaint observed the presence of ants in the room; he does not know how the ants entered Room 1723; the hotel had a contract with Terminix to perform pest control services on an "as needed" basis; when the hotel staff detected a pest control issue, the hotel contacted either its maintenance department or Terminix; the contract with Terminix did not provide for routine, monthly pest control treatment; and Terminix inspected Room 1723 three days before the incident, but did not treat the room for insects/pests.
During his second deposition, Thomas testified as follows: approximately 18 months before plaintiff's incident (August 5, 2013), the hotel received a report of ants in Room 1722 (located across the hall from Room 1723); three days before the plaintiff's incident, Room 1723 was inspected for pests in connection with a report of bed bugs in Room 1823; whenever bed bugs were reported, all surrounding rooms were inspected, including the rooms above and below the suspected room; when ants were reported, only the suspected room was inspected and treated; surrounding rooms were inspected in response to a bed bug issue because "bed bugs are more known to spread, you know, and create other issues in other rooms in a pretty quick time span"; and the day after the plaintiff's incident, ants were reported in Room 1623 and Room 1823, the rooms directly above and below Room 1723.
Following a hearing, the district court granted summary judgment in favor of Sam's Town, stating, "[I]nasmuch as the room on the 18th floor [was treated] for bed bugs and then later we have an ant problem, after inspection, I think [Sam's Town] did act reasonably and I will grant your motion for summary judgment."
The plaintiff appeals.
DISCUSSION
The plaintiff contends the district court erred in granting summary judgment in favor of Sam's Town. She argues that La. R.S. 2800.6 does not apply to this case because she did not slip and fall in a common area in the hotel. Rather, she slipped in the bathroom of her hotel room after she became startled by the presence of ants in her shower. According to the plaintiff, the district court should have adopted a duty-risk analysis, and summary judgment should not have been granted because breach of duty is a question of fact.
The law pertaining to motions for summary judgment is well settled.[3] A hotel *1102 owes a duty to its patrons to exercise reasonable and ordinary care including maintaining the premises in a reasonably safe and suitable condition. Johnson v. Super 8 Lodge-Shreveport , 47,081 (La. App. 2 Cir. 4/25/12), 92 So.3d 519 ; Spencer v. Red River Lodging , 37,930 (La. App. 2 Cir. 2/5/04), 865 So.2d 337. Although the keepers of inns, lodging houses, or restaurants are not the insurers of the safety of their guests, they are under an obligation to exercise, at least, ordinary or reasonable care to keep them from injury. Id.
The owner or custodian of a thing is answerable for damage caused by its defect only upon a showing that he knew or, in the exercise of reasonable care, should have known of the defect which caused the damage, that the damage could have been prevented by the use of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1. Thus, to recover for damages caused by a defective thing, the plaintiff must prove the following: (1) the thing was in the defendant's custody; (2) the thing contained a defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect. Johnson v. Super 8 Lodge-Shreveport , supra ; Pamplin v. Bossier Parish Community College , 38,533 (La. App. 2 Cir. 7/14/04), 878 So.2d 889, writ denied , 2004-2310 (La. 1/14/05), 889 So.2d 266.
In Searile v. Ville Platte Med. Ctr., LLC , 2015-1183 (La. App. 3 Cir. 6/1/16), 194 So.3d 1205, two days after the plaintiff was admitted into the hospital's intensive care unit, a nurse noticed ants crawling on the plaintiff's arm and in her bed. The nurse removed the ants and administered medications to alleviate pain and itching from the ant bites. The plaintiff filed a lawsuit, alleging, inter alia , that the hospital failed to maintain a clean and safe facility. In response, the hospital moved for summary judgment, alleging the plaintiff would be unable to meet her burden of proof under La. C.C. art. 2317.1, and that she would be unable to prove that the hospital was "negligent in any way" and/or that it "breached any duty owed to her, i.e. , fault." The district court granted summary judgment; the court of appeal affirmed, finding that the plaintiff had failed to present any evidence to show that she could satisfy her burden of proof at trial. The Court stated:
[T]here was evidence that Mercy Regional regularly surveyed the hospital and had a pest control contract in place for the eradication of pests. [T]he Director of Plant Operations *** testified that Mercy Regional maintained a pest control service contract which provided monthly services for the eradication of pests. Additionally, *** [the director of plant operations] and [Quality Director and Assistant Director of Nurses] attested that notwithstanding [the plaintiff's]
*1103 incident, there were no complaints of ants in and around the facility prior to [the date of the claimant's injury]. We, therefore, agree with the trial court's finding that [the plaintiff] failed to present evidence showing that she could satisfy her burden of proof at trial[.]
***
Id. at 1212. The Court also rejected the plaintiff's general negligence claim, finding that she failed to produce factual support sufficient to establish that she could be able to satisfy her evidentiary burden of proof at trial. The Court stated:
Specifically, and despite that lapse of two years between the filing of suit and the filing of the instant Motion for Summary Judgment, [the plaintiff] failed to produce background information in this case. For example, there is no evidence regarding the nursing staff's actual conduct, the job duties assumed by the ICU nurses and employees, and whether those duties were breached. Further, as the trial court noted, [the plaintiff] failed to provide evidence indicating how quickly the ant situation could have occurred so as to consider whether the nursing staff's hourly visits were adequate.
Id. at 1213.
In the instant case, Sam's Town presented evidence that its housekeeping department regularly inspected the hotel for any issues, including the presence of pests/insects, and no issues with ants had been reported. Further, Sam's Town presented evidence that the hotel had a pest control contract with Terminix[4] and Room 1723 had been inspected for pests ( i.e. , bed bugs) three days prior to the plaintiff's incident; Terminix did not report any issues with regard to ants. Moreover, the defendant's risk manager, housekeeping manager and director of facilities maintained that there were no reports of ants in and around the hotel prior to the plaintiff's incident.
Contrarily, the plaintiff presented evidence that approximately 18 months before her accident, Room 1722, which was located across the hall from Room 1723, was treated for ants. Further, the plaintiff presented evidence that Room 1823 had been treated for bed bugs one week before the incident and Room 1723 had been inspected for bed bugs but was not treated.
However, the plaintiff did not present any evidence to establish that Sam's Town had received any reports of ants anywhere in the hotel since August 5, 2013. The plaintiff argues that Room 1723 should have been treated for bed bugs when Room 1823 was treated. However, the plaintiff did not present any evidence to establish that the ants would not have entered her bedroom and bathroom if the room had been treated for bed bugs . Therefore, we find that the district court did not err in finding that the plaintiff failed to present evidence showing that she would be able to satisfy her burden of proof at trial. Consequently, we see no error in the district court's grant of summary judgment in favor of Sam's Town with regard to the plaintiff's premises liability claim.
The plaintiff also contends the district court erred in failing to utilize the duty-risk analysis in her general negligence claim. At the hearing on the motion for summary judgment, the plaintiff questioned the adequacy of the hotel's practice of having the hotel treated for pests on an "as needed" basis. She argued that if the hotel had treated Room 1723 for bed bugs *1104 when it was inspected, the ants would not have been present in her shower.
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2315. Under the duty-risk analysis, a plaintiff must prove that the defendant owed a duty to conform his conduct to a specific standard of care (duty element); defendant failed to conform his conduct to the appropriate standard of care (breach of duty element); defendant's substandard conduct was a cause of plaintiff's injuries; and damages. Daigle v. City of Shreveport , 46,429 (La. App. 2 Cir. 10/5/11), 78 So.3d 753, writ denied , 2011-2472 (La. 2/3/12), 79 So.3d 1027 ; Pamplin , supra .
As stated above, it is a well-settled principle of law that an innkeeper owes a duty to exercise reasonable care. Johnson v. Super 8 Lodge-Shreveport , supra . However, the plaintiff did not present any evidence to establish that Sam's Town failed to conform to the appropriate standard of care. During the hearing on the motion for summary judgment, the following colloquy took place:
THE COURT: The room above had bed bugs, as I recall reading the memos.
[PLAINTIFF'S COUNSEL]: Yes, sir, it was bed bugs.
THE COURT: Bed bugs not ants. Right?
[PLAINTIFF'S COUNSEL]: Yes, sir, it was bed bugs[.]
THE COURT: They had notice of bed bugs not ants?
[PLAINTIFF'S COUNSEL]: Yes, sir. The notice was of bed bugs not ants, but it's-
THE COURT: A pest is a pest.
[PLAINTIFF'S COUNSEL]: Yeah. I mean, it's a different issue, I suppose, but I'm not that familiar with bed bugs so I don't know if you actually see them or not.
THE COURT: *** [S]ince they treated the room above for bed bugs, if they had treated the room below, which is where your client was, for bed bugs, would that have taken care of the ants? They did not have any notice of ants, they had notice of bed bugs.
[PLAINTIFF'S] COUNSEL: I think if they would have treated [Room] 1723 *** if they would have treated that one, I think , like I said, I think -yeah I think so[.]
THE COURT: I don't know the answer to the question. If they had treated your client's room the same as they did [the room] above, would that have taken care of ants or just the bed bugs, I don't know the answer to that question.
[PLAINTIFF'S] COUNSEL: I suspect it would have taken care of pretty much anything would be my guess .
***
(Emphasis added).
Our review of this record reveals that neither Sam's Town nor the plaintiff was able to ascertain how or why the ants entered in Room 1723. Additionally, the plaintiff did not present any affidavits or deposition testimony to establish that the hotel's pest control plan was insufficient. Nor did she present any evidence to show that the ants would not have been present in her room if the room had been treated for bed bugs three days prior to the incident. Accordingly, we find that the plaintiff failed to present any evidence to establish that she would be able to meet her burden of proving general negligence at trial.
CONCLUSION
For the reasons set forth herein, we affirm the district court's grant of summary judgment in favor of Red River Entertainment *1105 of Shreveport, L.L.C. d/b/a Sam's Town Hotel & Casino. Costs of the appeal are assessed to the plaintiff, Deborah Kennedy.
AFFIRMED.

There had been a report of bed bugs in Room 1823. According to the defendant, as was its normal procedure, Terminix inspected the surrounding rooms, including Room 1723, which was located directly below Room 1823.

In some portions of the record, "Schenck" is spelled "Schnick."

At the time the instant lawsuit was filed, La. C.C.P. art. 966(B)(2) provided, in pertinent part:
[A motion for summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law[.]
La. C.C. P. art. 966(D)(1) provides:
***
D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
***
Appellate courts review summary judgments de novo , using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Garrison v. State Farm Fire & Cas. Co. , 51,245 (La. App. 2 Cir. 4/5/17), 217 So.3d 586 ; Argonaut Great Central Ins. Co. v. Hammett , 44,308 (La. App. 2 Cir. 6/3/09), 13 So.3d 1209, writ denied , 2009-1491 (La. 10/2/09), 18 So.3d 122.

The plaintiff did not name Terminix as a party-defendant.