COLETTE ROBERTSON AND CARTER
ROBERTSON, INDIVIDUALLY AND ON
BEHALF OF THEIR MINOR CHILD, CARTER
ROBERTSON, JR.

VERSUS

BOOMTOWN BELLE CASINO, ET AL

NO. 22-CA-184

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 771-479, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

February 01, 2023

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Hans J. Liljeberg

**AFFIRMED**
　**HJL**
　**SMC**

**DISSENTS WITH REASONS**
　**MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
COLETTE ROBERTSON AND CARTER ROBERTSON, INDIVIDUALLY AND
ON BEHALF OF THEIR MINOR CHILD, CARTER ROBERTSON, JR.
 Harold D. Register, III

COUNSEL FOR DEFENDANT/APPELLEE,
LOUISIANA - 1 GAMING, A LOUISIANA PARTNERSHIP IN COMMENDAM
 D. Russell Holwadel
 Kyle M. Truxillo

**LILJEBERG, J.**

Plaintiffs, Collette and Carter Robertson, individually and on behalf of their minor child, Carter Robertson, Jr., seek review of the trial court's January 4, 2022 judgment granting the motion for summary judgment filed by defendant, Louisiana-1 Gaming, A Louisiana Partnership-in-Commendam (hereinafter referred to as "Boomtown"), and dismissing plaintiffs' claims against Boomtown with prejudice.[1] For reasons stated more fully below, we affirm the trial court's judgment.

FACTS AND PROCEDURAL BACKGROUND

On or about June 21, 2016, at approximately 3:00 p.m., plaintiffs checked into a hotel room at the Boomtown New Orleans Casino Hotel with their infant son, who was nine or ten months old at the time. Plaintiff, Collette Robertson, testified at her deposition that she, her husband and their son then went to the dinner buffet and returned to their room approximately two hours later.

Plaintiffs woke up at approximately 4:00 a.m. on June 22, 2016, and Ms. Robertson felt something biting her on her chest. She initially thought it was a mosquito, but after Mr. Robertson turned on the lights, Ms. Robertson discovered ants crawling on herself, her husband and her son, who was sleeping between them in the bed. Ms. Robertson testified that she abruptly jumped out of the bed and picked up her son straining her back in the process. Ms. Robertson testified that there were 10 to 20 ants on her. She did not know the number of ants on her son, but she testified that they were all over him. She stated her son had ant bites all over his body.

Shortly thereafter, Ms. Robertson went downstairs to the front desk to report the incident. She testified that a clerk came upstairs and saw ants in the bed and on

---

[1] Plaintiffs filed suit against "Boomtown Belle Casino" in its petition for damages. "Louisiana-I Gaming LP" filed an answer to the petition indicating that it was incorrectly referred to as "Boomtown Belle Casino."

the floor. During that time, they discovered red candy or juice on the carpet behind the nightstand and saw a trail of ants coming from that area. The clerk then relocated plaintiffs to another room and provided complimentary buffet tickets. Ms. Robertson testified that they also received money to play the blackjack table. She stated they declined an offer from the hotel to accommodate them with a suite.

Ms. Robertson testified that she did not see any ants in the room when they first checked in or when they returned to the room after dinner. She also testified that the room was clean when they arrived. Furthermore, during the two hours before they discovered the ants, Ms. Robinson testified that their son was sleeping in the bed with them, but he woke up crying and they were trying to soothe him. She explained that they gave him a bottle, changed him, and walked around the room with him. She testified that they did not notice any ants on him during this time.

On April 26, 2017, plaintiffs filed suit against Boomtown, as the owner of the property, as well as other defendants, seeking to recover damages resulting from the incident with the ants. After conducting extensive discovery over a four-year period, Boomtown filed a motion for summary judgment on October 25, 2021, seeking the dismissal of plaintiffs' claims. In its supporting memorandum, Boomtown argued that plaintiffs could not establish a claim against it pursuant to La. C.C. art. 2317.1, because they could not prove that Boomtown knew or should have known of the presence of ants in the room prior to the incident, particularly since plaintiffs did not report the presence of any ants until 12 hours after they checked into the room.

Boomtown further argued that it exercised reasonable care in insuring the safety of its patrons by contracting with co-defendant J&J Exterminating Company of New Orleans, LLC ("J&J") to regularly treat the rooms for pests. Boomtown entered into a contract with J&J indicating that it agreed to inspect, treat and

eliminate pests, including ants.  The contract provided for hotel rooms to be treated on a monthly basis, and further provided that treatments were designed to eliminate ant activity before it begins.  Boomtown argued that J&J never reported the presence of ants to Boomtown prior to plaintiffs' stay.  Immediately following the incident, Boomtown made an emergency call to J&J, which treated the room for ants at 9:00 a.m., just hours after plaintiffs' initial complaint.

Boomtown also presented evidence establishing that all housekeeping, cleaning and inspections related to the hotel rooms were contractually delegated to its housekeeping contractor, co-defendant Full Service Systems Corporation ("FSS").  The contract required FSS to promptly notify Boomtown of any conditions affecting guest safety.  Boomtown argued that FSS did not report the presence of ants or any other unsafe conditions in plaintiffs' room prior to their stay.  Boomtown also argued that despite four years of discovery, plaintiffs could not present any evidence to establish that Boomtown failed to conform to the applicable standard of care or breached any duty to establish a general negligence claim.

In opposition to the summary judgment motion, plaintiffs argued that Boomtown cannot escape liability because its entire argument attempts to shift blame to third parties who were allowed to operate with absolutely no guidance from Boomtown.  Plaintiffs argued that Boomtown should have known about the ants located in the room because it failed to exercise reasonable care by not establishing its own guidelines and procedures for the cleaning and inspection of its hotel rooms.  Plaintiffs also argued that Boomtown's own safety and risk managers did not inspect the rooms to insure that J&J and FSS fulfilled their contractual obligations.  Further, plaintiffs argued that Boomtown did not provide any documentation to establish that J&J or FSS inspected the room prior to their stay.

On December 6, 2021, the trial court held a hearing on Boomtown's motion for summary judgment. At the hearing, plaintiffs argued that Boomtown did not have guidelines in place to determine whether or not the rooms are cleaned properly. However, Boomtown pointed to deposition testimony from its Director of Hotel Operations, Quintina Tate, who stated that she did do inspections of rooms after they were cleaned on occasion.[2] Boomtown further argued that plaintiffs did not produce any evidence to establish that it knew about the ants prior to the incident and that the agreements in place with J&J and FSS established that Boomtown exercised reasonable care.

Following oral argument, the trial court granted Boomtown's motion for summary judgment finding that Boomtown did not have knowledge of the ants, and that it acted reasonably by contracting with FSS to clean the hotel rooms and by inspecting the cleanliness of the rooms. The trial court signed a written judgment on January 4, 2022. Plaintiffs filed a motion for suspensive appeal on February 3, 2022, and the trial court granted the appeal on February 9, 2022.

## LAW AND DISCUSSION

Appellate courts review a judgment granting a motion for summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, 547. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover, unless the mover will not bear the burden of proof at trial on the issue before the court on summary judgment. La. C.C.P. art. 966(D)(1). In that instance, the mover need only show the court the

---

[2] Ms. Tate testified pursuant to La. C.C.P. art. 1442 as a designated representative of Boomtown.

absence of factual support for one or more essential elements of the adverse party's claim. *Id.* The burden is then on the adverse party to establish factual support sufficient to demonstrate the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

A material fact is one that "potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S. 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014). A genuine issue of material fact "is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Id.*

In this appeal, plaintiffs argue that the trial court erred by granting summary judgment due to the existence of genuine issues of material fact. Plaintiffs contend that they presented evidence of genuine issues of material fact to establish that Boomtown failed to exercise reasonable care over the hotel room in violation of La. C.C.P. art. 2317.1, and that Boomtown was negligent under the duty-risk doctrine.

A hotel owes a duty to its patrons to exercise reasonable and ordinary care including maintaining the premises in a reasonably safe and suitable condition. *Rayfield v. Millet Motel*, 15-496 (La. App. 5 Cir. 1/27/16), 185 So.3d 183, 187. The owner is not an insurer of the safety of a guest, but must only exercise reasonable care to see that the premises are safe for the occupants of rooms in the establishment. *Id.*

La. C.C. art. 2317.1 provides that the owner or custodian of a thing is answerable for damage caused by its defect only upon a showing that they knew, or in the exercise of reasonable care, should have known of the defect which caused the damage, that the damage could have been prevented by the use of

reasonable care, and that they failed to exercise such reasonable care. *Bryant v. Ray Brandt Dodge, Inc.*, 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190, 197. Thus, to recover for damages caused by a defective thing, the plaintiff must prove the following: (1) the thing was in the defendant's custody or control; (2) the thing contained a defect which presented an unreasonable risk of harm to others; (3) the defendant knew or should have known of the defect; and (4) the defective condition caused the damage. *Id.* If the plaintiff fails to provide any one of these elements, the claim fails. *Id.*

Under the duty-risk analysis adopted by Louisiana courts, a plaintiff must establish the following in order to prevail on a general negligence claim: (1) the defendant owed a duty to conform its conduct to a specific standard of care; (2) the defendant failed to conform its conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause of the plaintiff's injuries; and 4) the plaintiff suffered damages. *Kennedy v. Red River Entertainment of Shreveport, LLC*, 51,760 (La. App. 2 Cir. 12/13/17), 245 So. 3d 1098, 1104.

We agree with the trial court's finding that plaintiffs did not present evidence of genuine issues of material fact to establish that Boomtown failed to exercise reasonable care with respect to the condition of the hotel room, and therefore, should have known about the presence of ants. We first observe that Ms. Robertson reported that the hotel room was clean upon their arrival, and they did not see any ants until 12 hours after they checked into the room. Furthermore, Boomtown entered into contracts with housekeeping and exterminating companies to regularly treat, inspect and clean the hotels rooms. Boomtown's Director of Hotel Operations, Quintana Tate, testified that FSS inspects and cleans the hotels rooms on a daily basis. Plaintiffs attempt to create a genuine issue of material fact by arguing that Boomtown did not check to insure inspections and cleaning were properly done. However, plaintiffs fail to recognize that the trial court cited to

testimony from Ms. Tate indicating that Boomtown also inspected the rooms periodically. Contrary to plaintiffs' arguments, we do not find that Boomtown was required to inspect, treat or clean the hotels rooms itself on a daily basis in order to meet its obligation to exercise reasonable care. Plaintiffs also contend that Boomtown failed to act reasonably because it did not have a specific procedure in place for FSS's employees to inspect for ants. However, Boomtown's contract with FSS specifically provided for FSS's employees to immediately report any conditions in the rooms affecting guest safety.

Accordingly, because plaintiffs failed to present evidence to demonstrate the existence of a genuine issue of material fact, the trial court did not err by dismissing plaintiffs' claims filed pursuant to La. C.C. art. 2317.1. For the same reasons, we find that the trial court did not err by finding that plaintiffs failed to present any evidence of sub-standard conduct or breach of a duty owed by Boomtown to plaintiffs to establish a negligence claim. As stated above, while Boomtown was required to exercise reasonable care to maintain the premises in a safe condition, it is not the insurer of plaintiffs' safety and is not liable every time an accident occurs.

In a case also involving ants, *Searile v. Ville Platte Med. Ctr., LLC*, 15-1183 (La. App. 3 Cir. 6/1/16), 194 So.3d 1205, two days after the plaintiff was admitted into the hospital's intensive care unit, a nurse noticed ants crawling on the plaintiff's arm and in her bed. The nurse removed the ants and administered medications to alleviate pain and itching from the ant bites. The plaintiff filed a lawsuit alleging the hospital failed to maintain a clean and safe facility. In response, the hospital moved for summary judgment alleging the plaintiff would be unable to meet her burden of proof under La. C.C. art. 2317.1, and she would be unable to prove that the hospital was negligent or breached any duty owed to the plaintiff. The district court granted summary judgment and the Third Circuit

affirmed, finding that the plaintiff had failed to present any evidence to show that she could satisfy her burden of proof at trial of establishing that the hospital knew or should have known of the presence of ants, or failed to exercise reasonable care:

> [T]here was evidence that Mercy Regional regularly surveyed the hospital and had a pest control contract in place for the eradication of pests. . . [T]he Director of Plant Operations . . . testified that Mercy Regional maintained a pest control service contract which provided monthly services for the eradication of pests. Additionally, . . . [the director of plant operations] and [Quality Director and Assistant Director of Nurses] attested that notwithstanding [the plaintiff's] incident, there were no complaints of ants in and around the facility prior to [the date of the claimant's injury]. We, therefore, agree with the trial court's finding that [the plaintiff] failed to present evidence showing that she could satisfy her burden of proof at trial[.]

*Id.* at 1212.

Considering the foregoing, we affirm the trial court's judgment granting defendant Louisiana-1 Gaming, A Louisiana Partnership-in-Commendam's motion for summary judgment and dismissing plaintiffs' claims with prejudice.

**AFFIRMED**

COLETTE ROBERTSON AND CARTER          NO. 22-CA-184
ROBERTSON, INDIVIDUALLY AND
ON BEHALF OF THEIR MINOR CHILD,       FIFTH CIRCUIT
CARTER ROBERTSON, JR.
                                      COURT OF APPEAL
VERSUS
                                      STATE OF LOUISIANA
BOOMTOWN BELLE CASINO, ET AL


**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority opinion in this matter. Upon *de novo* review, I find that there are genuine issues of material fact remaining for the issue of whether Louisiana-1 Gaming, A Louisiana Partnership-in-Commendam (hereinafter referred to as "Boomtown") exercised reasonable care over the hotel rooms on its premises in accordance with La. C.C. art. 2317.1.

The majority finds that Boomtown was not required to inspect, treat, or clean the hotels itself on a daily basis in order to meet its obligation to exercise reasonable care. The majority references the deposition testimony of Boomtown's Director of Hotel Operations, Quintana Tate, to support the position that Boomtown exercised reasonable care by inspecting its rooms periodically. However, I find that Ms. Tate's testimony does not support that position. When questioned about Boomtown's inspections of the hotel rooms, Ms. Tate provided the following answers, in pertinent part:

> Q. Okay, Are there any -- so whenever they do the
> inspections -- they meaning the staff at [Full Service
> Systems Corporation], do you walk in there with
> them, while they conduct inspections of the hotel
> rooms?
>
> **A. No, I do not.**
>
> Q. Okay. Do you go in there beforehand and say, "Hey,
> this needs to be cleaned, you need to go ahead and
> concentrate on this area at all"?

**A. No.**

Q. After they leave out and say they [sic] they're clean, do you go in there and inspect after that to see, make sure that they did everything correctly?

**A. No.**

Q. Okay. So it's safe to say that, as the direct of hotel operations on Boomtown's hotel, you do not conduct any inspections within the hotel rooms located on hotel -- Boomtown's hotel. Correct?

**A. I would do -- I would do inspections, but I don't do daily inspections. So I can opt to go any day and say, yes, I want to inspect some rooms, but I'm not -- that's not part of my daily duties, to inspect the turned rooms.**

\*\*\*

Q. But there's no policy, by Boomtown or [Full Service Systems Corporation], to your knowledge, to inspect the -- the housekeeping to inspect for ants inside of a guest's room. Correct? On Boomtown's property?

**A. Not at this time, no.**

Q. Okay. And not at this time, either, at June 22nd, 2016. Correct?

**A. Not to my knowledge.**

\*\*\*

Q. -- as they -- as they're doing their housecleaning duties, how can you then ensure, as director of hotel operations, that the particular hotel rooms are free from ants?

**A. So what you're asking me is how do I know that a hotel room is free of ants? Is that your question?**

Q. Right.

**A. I do not know.**

Additionally, Ms. Tate testified that she was not employed at that Boomtown property on the date of the incident and had no knowledge of a prior inspection of the room in question by a Boomtown employee.

Ms. Tate's testimony failed to provide any information regarding a procedure of how Boomtown ensured that Full Service Systems Corporation and J&J Exterminating Co. fulfilled the obligations of their contracts while servicing its premises. Furthermore, her testimony concerning her sporadic inspections of Boomtown's hotel rooms is inconsequential because she was not employed at the property on the date of the incident and had no knowledge of Boomtown's policies for room inspections at that time.[3] Thus, in my opinion, the question still remains as to whether Boomtown met its obligation to exercise reasonable care over the hotel rooms on its premises in accordance with La. C.C. art. 2317.1. Additionally, there is a remaining issue as to whether Boomtown is liable to the plaintiffs under La. C.C. art. 2320. Therefore, at this juncture, I find that Boomtown is not entitled to summary judgment as a matter of law.

Accordingly, I would reverse the summary judgment in favor of Boomtown and remand the matter for further proceedings.

---

[3] Boomtown's lack of a procedure in place to ensure that Full Service Systems Corporation and J&J Exterminating Co. fulfilled their contractual obligations distinguishes this case from *Searile v. Ville Platte Med. Ctr., LLC*, 15-1183 (La. App. 3 Cir. 6/1/16), 194 So.3d 1205. In *Searile*, the record contained evidence that Mercy Regional regularly surveyed the property. The record in this matter does not contain such evidence.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-184

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
HAROLD D. REGISTER, III (APPELLANT)     HEATHER E. REZNIK (APPELLEE)          KYLE M. TRUXILLO (APPELLEE)
JOHN M. HOLAHAN, JR. (APPELLEE)

**MAILED**
BRUCE R. HOEFER, JR. (APPELLEE)         ELISE M. LEE (APPELLEE)
D. RUSSELL HOLWADEL (APPELLEE)          KIMBERLY R. SILAS (APPELLEE)
PHILLIP J. REW (APPELLEE)               ATTORNEYS AT LAW
RICHARD R. STEDMAN, II (APPELLEE)       650 POYDRAS STREET
ATTORNEYS AT LAW                        SUITE 2200
400 POYDRAS STREET                      NEW ORLEANS, LA 70130
SUITE 2450
NEW ORLEANS, LA 70130