DALEY, Judge.
In this appeal, plaintiff, Tommy Welch, appeals the grants of summary judgment in favor of defendants, the City of Kenner and the Parish of Jefferson. For the following reasons, we affirm.
Welch was in a motor vehicle accident at 10:50 p.m. on July 3,1992, at the intersection of Loyola Drive and Vintage Drive in Ken-ner. He was driving a motorcycle northbound on Loyola. He was struck by a jeep as it executed a left turn from the southbound lane of Loyola on to Vintage Drive. The jeep was driven by Neville Landry. Loyola Drive is a four (4) lane boulevard at the location of this accident. Defendant, Ken Wick, who was also operating an automobile northbound on Loyola Drive, was in the left ton lane of Loyola Drive preparing to make a left turn on to westbound Vintage Drive. While Wick was at this intersection, the Jeep operated by defendant, Neville Landry, was stopped on southbound Loyola Drive on the opposite side of the intersection, waiting to turn left on to eastbound Vintage Drive. A traffic light controlled this intersection. When the light controlling north-and southbound traffic turned green, the Wick and Landry automobiles could not both kturn left at the same time because the intersection gave only one car at a time room to turn left. No specific turn signals or arrow traffic lights directed the movement of left turning vehicles. According to the record and briefs, Wick waved Landry to turn into the intersection first. Apparently, Landry’s view of oncoming northbound traffic was not clear, because when Landry turned through the intersection to proceed east on Vintage Drive, his car struck Welch’s motorcycle, which was traveling ’through this intersection while proceeding north on Loyola with a green light.
The petition named as original defendants Neville Landry, the driver of the Jeep that struck Welch’s motorcycle, and his insurer, Illinois National Insurance Company. The insurer was dismissed by plaintiff, reserving his rights against the remaining party, Landry. In February of 1996, plaintiff filed a first Amended and Supplemental Petition for Damages, adding the Parish of Jefferson, the City of Kenner, and the State of Louisiana through the Department of Transportation and Development as defendants, alleging that these parties were responsible for the maintenance and control of the intersection, that they failed to keep this intersection in a reasonably safe condition for its intended use, and that they failed to adequately warn users such as plaintiff of the unreasonably dangerous condition.
In a Second Amended and Supplemental Petition, Welch added Ken Wick as a defendant. The State DOTD moved for summary judgment, which was granted in a consent judgment signed by plaintiff.
The City of Kenner filed a Motion for Summary Judgment, alleging that it had no actual or constructive notice of a dangerous condition of this intersection, and further that the cause in fact of the accident was the combined negligence of the three drivers. The Motion for Summary Judgment was supported by the affidavit of Mr. Nicky Nicolosi, Director of Public Works for the City of Kenner, who attested from ^personal knowledge that prior to this accident, the City of Kenner had received no complaints regarding the design or maintenance of the intersection at Loyola and Vintage Drives.
The Parish of Jefferson moved for Summary Judgment on the basis that the City of Kenner was the entity with responsibility for *548 the design and maintenance of this intersection. Further, they alleged that this intersection was not defective, and that the intersection met AASHTO[1] design standards, as attested to by Douglas B. Roberts, Traffic Engineering Supervisor for the Parish of Jefferson. The Parish of Jefferson further noted that in the five years since the accident, plaintiff had "not secured any expert or factual witness who could identify any defect in the intersection. In support of their Motion for Summary Judgment, the Parish submitted portions of Welch’s deposition, the City of Kenner’s Answers to Interrogatories, the affidavit of Douglas P. Roberts, and the ordinance creating Sub-Road District No. 1, City of Kenner.
Plaintiff Welch argued in opposition that the motions for summary judgment were premature, as discovery was ongoing. Further, he argued that material issues of fact remained regarding whether the design of the intersection was unsafe because only one car could turn left at a time. Plaintiff further noted that at some time after this accident, the electronic traffic control signals were removed from this intersection and a four-way stop sign installed, which plaintiff argues supports his position that the intersection was defective. Plaintiff did not submit any affidavits, testimony, or further documentary support of his opposition.
bThe trial court granted Summary Judgment in favor of the Parish of Jefferson on January 5, 1998. Summary judgment in favor of the City of Kenner was signed on January 14, 1998. Plaintiff Welch appealed both judgments.

Law and Analysis

Louisiana Code of Civil Procedure Article 966 provides that a Motion for Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. In 1997, the legislature amended this article to include the following:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
It is well settled in our jurisprudence that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine ^whether summary judgment is appropriate. Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96), 681 So.2d 433.
Defendants’ Motions for Summary Judgment were properly supported with affidavits and evidence supporting the position that no material issue of fact exists regarding the cause of this accident suggesting that the accident was caused by the combined negligence of the three drivers in failing to negotiate this intersection safely. The City of Ken-ner admits that it was responsible for the maintenance of this intersection, and asserts through affidavits that it had no actual or constructive notice of a defect or unsafe condition, having received no complaints regarding conditions at the intersection prior to this accident. The Parish of Jefferson admitted that it designed the intersection, and submitted an affidavit from its Traffic Engineering Supervisor asserting that the design of the intersection conformed to AASHTO stan *549 dards, which have been adopted in Louisiana (Affidavit of Douglas B. Robert, P.E.)
Plaintiffs Motion in Opposition to Summary Judgment was unaccompanied by any evidence, documentary or testimonial, to support his theory that the intersection was designed and/or maintained unsafely by either of these defendants. Mere allegations that a material issue of fact exists is not sufficient under LSA-C.C.P. art. 966 (as amended in 1997) to overcome a Motion for Summary Judgment; plaintiff must come forward with some evidence to demonstrate that he can prevail on his claim at trial on the merits. We find that the movants, City of Kenner and Parish of Jefferson, met their respective burdens of proof under LSA-C.C.P. art. 966. Defendants have asserted with supporting affidavits that plaintiff has no evidence of actual or constructive knowledge of a defect at the intersection in question. Further, defendants contend the design of the intersection meets applicable design standards band support this position with affidavits. Plaintiff argues that because the cross street was a single lane its design was defective, but this argument is not supported by a deposition or affidavit from a fact witness or expert witness. Plaintiff has introduced no evidence of design defect and no evidence of notice, constructive or actual, of a defective condition. Plaintiff has failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Hence, plaintiff has not established that an issue of material fact exists. Therefore, the motions for summary judgment were properly granted.
The judgments of the trial court are affirmed. Costs of this appeal are taxed to plaintiff.

AFFIRMED.

. American Association of State Highway and Transportation Officials.