| | |
|---|---|
| ARTHUR RENAUDIN | NO. 23-C-98 |
| VERSUS | FIFTH CIRCUIT |
| GRAHAM LEAMING BOSWORTH A/K/A GRAHAM BOSWORTH | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPLICATION FOR SUPERVISORY REVIEW FROM
THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 826-071, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

May 17, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Robert A. Chaisson

**WRIT GRANTED; JUDGMENT DENYING MOTION FOR SUMMARY JUDGMENT REVERSED; JUDGMENT RENDERED; REMANDED**
  **JGG**
  **SMC**
  **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
ARTHUR RENAUDIN
    Frank W. Lagarde, Jr.
    Amanda L. Sullivan

COUNSEL FOR DEFENDANT/RESPONDENT,
GRAHAM BOSWORTH
    Autumn A. Town
    Brian A. Pena

**GRAVOIS, J.**

In this suit on a promissory note, plaintiff/relator, Arthur Renaudin, seeks this Court's supervisory review of the trial court's judgment of January 27, 2023 which denied his motion for summary judgment filed against defendant, Graham Leaming Bosworth. In his writ application, relator argues that the trial court erred in denying his motion for summary judgment in three respects. First, he argues that he provided proper evidentiary support for his motion for summary judgment, while Mr. Bosworth failed to present any competent summary judgment evidence to refute plaintiff's evidence. Second, relator argues that Mr. Bosworth's statements in his September 14, 2022 affidavit are hearsay and thus are not admissible as evidence in opposition to the motion for summary judgment. Third, relator argues that the trial judge improperly allowed arguments of counsel, rather than competent summary judgment evidence, to "create" an issue of material fact.

Respondent, Mr. Bosworth, submitted an opposition to the writ application at this Court's request.

For the following reasons, we find merit to relator's assignments of error, and accordingly reverse the trial court's denial of summary judgment, grant summary judgment in favor of relator on the main demand, by separate instrument render judgment in favor of Mr. Renaudin and against Mr. Bosworth as prayed for in the petition, and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

The petition alleges that relator, Mr. Renaudin, loaned Mr. Bosworth, who is an attorney licensed in the State of Louisiana, $100,000.00 to use in connection with Mr. Bosworth's campaign in 2020 for a seat on Criminal District Court in Orleans Parish. The petition and the evidence attached thereto show that Mr. Bosworth prepared and signed, along with Mr. Renaudin, a promissory note on January 23, 2020 in the amount of $100,000.00 payable to Mr. Renaudin. The note

provided for a rate of interest and specified that the unpaid principal became due and payable in full on January 1, 2021. The note was signed by Mr. Renaudin and Mr. Bosworth in Jefferson Parish.

According to the petition and the writ application, Mr. Bosworth made no payments on the note. Mr. Renaudin filed suit against Mr. Bosworth on March 15, 2022 for the full principal sum of $100,000.00, together with interest thereon on the unpaid principal balance at the legal rate from date of the filing until paid in full, reasonable attorney's fees, all collection costs, and for all costs of the proceedings.

Mr. Bosworth responded to the petition with an answer and a third party demand against Jon Renaudin, who was Mr. Renaudin's son and Mr. Bosworth's erstwhile business partner in a joint venture between Bosworth, Jon, and Frank Renaudin called "The Renbos Group, LLC." The answer and third party demand, while generally denying the allegations in the petition, did not deny the facts of the existence of the loan and promissory note between Arthur Renaudin and Mr. Bosworth, and the alleged fact that Ms. Bosworth had made no payments to Mr. Renaudin. The third party demand alleged that Jon Renaudin misappropriated the $100,000.00 in connection with activities with The Renbos Group, LLC, despite the agreement of the members of The Renbos Group, LLC to use money in the company's bank account (which was allegedly accessible only by Jon Renaudin) to repay Mr. Renaudin's loan to Mr. Bosworth. According to the writ application, Jon Renaudin failed to answer the third party demand, whereupon Mr. Bosworth secured a default judgment against Jon Renaudin for $120,000.00.

Mr. Renaudin filed a motion for summary judgment on August 29, 2022, arguing that there were no genuine issues of material fact and that he was entitled to judgment against Mr. Bosworth as a matter of law. He argued that he had borne his burden of proof on summary judgment, and upon the burden shifting to Mr.

Bosworth, his answer and third party demand failed to deny the existence of the debt and promissory note, or Mr. Bosworth's failure to repay Mr. Renaudin, and likewise failed to establish the existence of a genuine issue of material fact as to the main demand by competent summary judgment evidence.

Mr. Renaudin supported his motion for summary judgment with a copy of the suit on promissory note, which attached a copy of the promissory note, as well as the memorandum in support and his affidavit. Therein, he argued that Mr. Bosworth's answer and third party demand failed to refute any allegations in his suit, and prayed for judgment accordingly. While the writ application failed to include the opposition to the motion to summary judgment, as required by Uniform Rules–Courts of Appeal, Rule 4-5(C)(9), the writ does include respondent's answer and third party demand, as well as two affidavits submitted by Mr. Bosworth, dated August 2, 2022 and September 14, 2022, respectively, the first of which was submitted with his request for default judgment and the second of which was included in his opposition to the motion for summary judgment filed in the trial court, as well as a copy of the judgment on the third party demand.

## LAW AND ANALYSIS

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); *Sarasino v. State Through Dep't of Pub. Safety & Corr.*, 16-408 (La. App. 5 Cir. 3/15/17), 215 So.3d 923, 927-28. When the mover will bear the burden of proof at trial, the mover has the burden of showing that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. *Action Oilfield Services, Inc. v.*

*Energy Management Company*, 18-1146 (La. App. 1 Cir. 4/17/19), 276 So.3d 538, 542. The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

The appellate court's review of summary judgments is *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Pizani v. Progressive Ins. Co.*, 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. A *de novo* review is where the appellate court uses the trial court's record, but reviews the evidence and law without deference to the trial court's rulings. *Wooley v. Lucksinger*, 06-1140 (La. App. 1 Cir. 12/30/08), 14 So.3d 311, 352. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Young v. Hard Rock Constr., L.L.C.*, 19-484 (La. App. 5 Cir. 3/17/20), 292 So.3d 178, 184, *writ denied*, 20-0544 (La. 9/23/20), 301 So.3d 1190.

La. Code of Civil Procedure art. 966 provides, in pertinent part:

A. (1) A party may move for a summary judgment for all or part of the relief for which he has prayed. A plaintiff's motion may be filed at any time after the answer has been filed. A defendant's motion may be filed at any time.

\* \* \*

(4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

\* \* \*

D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the

adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

(2) The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

Upon review, we find that the motion for summary judgment and the competent evidence attached thereto, which was unobjected to, met Mr. Renaudin's burden of proof and established the existence of the loan and promissory note, the terms thereto, and that Mr. Bosworth had failed to repay the loan as required. The burden of proof then shifted to Mr. Bosworth, as per La. C.C.P. art. 966(D).

We find that Mr. Bosworth failed to come forward with any competent summary judgment evidence, as per La. C.C.P. art. 966(D), to refute the facts established by plaintiff. In the documentary evidence submitted by Mr. Bosworth in the court below, only the affidavit of September 14, 2022, submitted in opposition to the motion for summary judgment, was competent summary judgment evidence as per La. C.C.P. art. 966 (D).[1] Therein, Mr. Bosworth attested

---

[1] Mr. Bosworth also submitted an affidavit dated August 2, 2022 which was attached to his default judgment against Jon Renaudin, but not the opposition to the motion for summary judgment, wherein he provided details regarding his business venture with Jon Renaudin and how Jon Renaudin had misappropriated all of the funds belonging to The Renbos Group, LLC. Mr. Bosworth attested therein in paragraph 11 that "Frank Renaudin, Jon Renaudin, and I agreed that the money in the Renbos, LLC bank account at the conclusion of the 2020 campaign cycle be designated to satisfy a Promissory Note between Graham Bosworth and Arthur Renaudin, and that any additional money left over would be split between Jon Renaudin and Frank Renaudin equally." He further attested therein, in paragraph 14, that "After months of avoiding us, Jon Renaudin eventually admitted to Frank Renaudin and me that there was no money in the Renbos LLC account, and that he had spent it all." And in paragraph 18: "Jon Renaudin's father, Arthur Renaudin, is now suing me for the promissory note discussed in Paragraph 11, which was to be paid off with the profits of Renbos, LLC. All profits were stolen by Arthur Renaudin's son, Jon Renaudin." And, in paragraph 19: "Jon Renaudin is a 50% owner of Renaudin Family Properties, LLC, of which Arthur Renaudin is the agent and sole officer." And paragraph 20: "It is my understanding that Jon Renaudin receives a $250,000 per year allowance from the family business."

to the circumstances surrounding the loan between him and Arthur Renaudin, which attestations did not contest the facts presented by Mr. Renaudin in his petition. Mr. Bosworth attested that Jon Renaudin had talked his father, Arthur Renaudin, into giving Mr. Bosworth a loan, and that "Jon Renaudin originally stated [to affiant] that the loan would eventually be forgiven by Arthur Renaudin because it was being provided by his father." However, this assertion is hearsay. Further, the assertion that the loan would allegedly be forgiven was clearly made <u>not</u> by Arthur Renaudin, but by Jon Renaudin, who was not a party to the note or the loan. Additionally, the affidavit is devoid of any statements or information that Jon Renaudin was his father's agent or in any way had the authority to represent his father in this particular matter or any other matter. Nor is his agency established in any other competent summary judgment evidence.

At the hearing on the motion, counsel for Mr. Bosworth orally asserted that there was a prior history of loans between Mr. Renaudin and Mr. Bosworth that had been forgiven.[2] The trial court found that this assertion created a genuine issue of material fact precluding summary judgment. However, as relator points out in his writ application, this assertion was made by counsel in argument, and is in fact found nowhere in any competent summary judgment evidence submitted by Mr. Bosworth in opposition to the motion for summary judgment, and is certainly not found in either affidavit submitted by Mr. Bosworth in this matter, the affidavits of August 2, 2022 or September 14, 2022.

Mere allegations that a genuine issue of material fact exists are not sufficient under La. C.C.P. art. 966 to overcome a motion for summary judgment; plaintiff

---

None of these assertions deny or conflict with the basic facts of the loan provided by Arthur Renaudin in his petition and supporting documents and competent summary judgment evidence, and even if considered, does not meet the burden of proof that shifted to Mr. Bosworth.

[2] Counsel for Mr. Renaudin objected to the argument, and noted that Mr. Renaudin was present in court that day and ready to be sworn and testify in contradiction to these assertions by counsel. The trial court correctly declined to hear testimony.

must come forward with some evidence to demonstrate that he can prevail on his claim at trial on the merits. *Welch v. Illinois Nat. Ins. Co.*, 98-402 (La. App. 5 Cir. 12/16/98), 725 So.2d 546, 549.

When a motion for summary judgment is made and supported with affidavits, depositions, and/or answer to interrogatories, the adverse party may not rest merely on the allegations or denials contained in the pleadings. *Bridges v. Carl E. Woodward, Inc.*, 94-2675 (La. App. 4 Cir. 10/12/95), 663 So.2d 458, 461, *writ denied sub nom. Bridges v. Woodward*, 95-2735 (La. 1/26/96), 666 So.2d 674, citing *Poydras Square Associates v. Suzette's Artique, Inc*., 614 So.2d 131, 132 (La. App. 4 Cir. 1993). Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Allegations without substance will not support a summary judgment. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. *Id*., citing *Davenport v. Amax Nickel, Inc*., 569 So.2d 23, 27 (La. App. 4 Cir. 1990), *writ denied,* 572 So.2d 68 (La. 1991).

We find that Arthur Renaudin supported his motion for summary judgment with competent summary judgment evidence, establishing the facts of his case and demonstrating that he was entitled to judgment as a matter of law, whereupon the burden shifted to Mr. Bosworth to come forward with competent summary judgment evidence to refute the case made by Mr. Renaudin. We find that Mr. Bosworth failed to do this. His affidavit in support thereof did not meet his burden of proof. Further, the trial judge erred in crediting the unsworn and unsupported oral statements made by counsel for Mr. Bosworth at the hearing on the motion for summary judgment. These unsupported statements by counsel were insufficient to create a genuine issue of material fact and thus fail to defeat the motion for summary judgment.

In conclusion, we find that no genuine issues of material fact remain and Mr. Renaudin is entitled to judgment as a matter of law. Mr. Renaudin has established, by competent and uncontradicted evidence, both the existence of the loan between him and Mr. Bosworth and that Mr. Bosworth is in default of the loan made between the parties as evidenced by the promissory note dated January 23, 2020. Summary judgment is hereby granted in favor of Mr. Arthur Renaudin on his suit on a promissory note. All costs, including costs of the writ application, are taxed against defendant/respondent Mr. Bosworth. By separate instrument, we render judgment in favor of Mr. Renaudin and against Mr. Bosworth as prayed for in the petition. The matter is remanded for further proceedings.

## DECREE

For the foregoing reasons, the trial court's denial of summary judgment is reversed. By separate instrument, we render judgment in favor of Arthur Renaudin and against Graham Leaming Bosworth in the principal amount of one hundred thousand and no/100 ($100,000.00) Dollars, together with legal interest thereon from the date of judicial demand until paid, plus all costs of the proceeding, including costs of the writ application, plus reasonable attorney's fees to be determined by the trial court on remand.

**WRIT GRANTED; JUDGMENT DENYING MOTION FOR SUMMARY JUDGMENT REVERSED; JUDGMENT RENDERED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 17, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-98**

### E-NOTIFIED

23RD JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
AMANDA L. SULLIVAN (RELATOR)          FRANK W. LAGARDE, JR. (RELATOR)          AUTUMN A. TOWN (RESPONDENT)

### MAILED

BRIAN A. PENA (RESPONDENT)
ATTORNEY AT LAW
829 BARONNE STREET
NEW ORLEANS, LA 70113